In re Paul Richard BILLER and Karen Mary Biller a/k/a Karen Mary Fila, Debtors.

BELLES CONSTRUCTION COMPANY, Plaintiff,

v.

Paul Richard BILLER & Karen Mary Biller and Albert H. Aston, Jr., Esq., Trustee, Defendants.

Bankruptcy No. 5–81–00870.
Adv. No. 5–82–0110.

United States Bankruptcy Court, M.D. Pennsylvania.

Sept. 16, 1982.

Donald T. Rogers, Wilkes-Barre, Pa., for Belles Const. Co.

Charles A. Shaffer, Wilkes-Barre, Pa., for debtor.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Plaintiff, Belles Construction Company (Belles), commenced an adversary proceeding seeking a modification of the automatic stay so it could continue a breach of contract action against the debtors in state court. We grant the relief requested.

The debtors contracted with Belles in April of 1978 for the construction of a home. To finance the project the debtors obtained a mortgage later that year from First Eastern Bank (the Bank) in the amount of $21,700.00. The Bank held this sum as escrow agent and disbursed progress payments to Belles according to the terms of the construction contract. The debtors apparently became dissatisfied with Belles' work on the home and refused to authorize disbursement of the final progress payment of $3,645.00. Due to this, Belles commenced suit in the Court of Common Pleas of Luzerne County on December 8, 1981. The debtors filed for relief under Chapter 11 of the Bankruptcy Code on November 3, 1981 and were granted a discharge of debts on March 30, 1982.

Immediately upon the filing of a voluntary petition under the Bankruptcy Code, an automatic stay arises which is an injunction against all types of debt collection activities. 11 U.S.C. § 362(a). The stay also prohibits the commencement or continuation of litigation against the debtor.[1]

---

1. Although the record indicates that the civil action filed in Luzerne County was commenced after the filing of bankruptcy, the debtor has not raised the issue. We will assume that the commencement of the Luzerne County suit was valid since there is no evidence of record indi-

§ 362(a)(1). A party can request relief from the stay:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property, if—
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

§ 362(d). In an action to modify or terminate the stay "the party requesting such relief has the burden of proof on the issue of the debtor's equity in property" while "the party opposing such relief has the burden of proof on all other issues." § 362(g).

The debtors defend against Belles' request for relief from the stay by contending that the escrow money is property of the estate which they are entitled to claim as an exemption in bankruptcy under 11 U.S.C. § 522(d)(1) and (d)(5). In the alternative the debtors contend that if the escrow is not property of the estate, then the Bankruptcy Court has no jurisdiction to grant the relief requested.

■ In answering the debtors' contentions in reverse order we find that the Bankruptcy Court has jurisdiction to entertain Belles' request for relief. The court is given jurisdiction of "all civil proceedings arising under title 11 [Bankruptcy] or arising in or related to cases under title 11." 28 U.S.C. § 1471(b) and (c). Since the instant civil proceeding is "related to" a case arising under title 11, this court has jurisdiction.

■ The debtors allege that they are entitled to possession of the escrow fund due to the exemption provisions of the Bankruptcy Code found at § 522(d), and consequently, Belles should be denied the relief it requests. Section 522(b) provides that a debtor may exempt from the bank-

ruptcy process certain *property of the estate*. Property which is not property of the estate cannot be exempted. Property of the estate is defined at § 541 of the Bankruptcy Code. Excluding provisions which are not pertinent here, that section states that the bankruptcy estate shall consist of "all legal or equitable interests of the debtor in property as of the commencement of the case." As applied to the case at bar, if Belles has performed the construction work according to the terms of the agreement, it alone would have a claim to the fund. The debtors would have no legal or equitable interest therein which would make it part of the estate. Therefore, the debtors could not exempt the fund. Consequently, if Belles has breached the contract, the debtors have a legal or equitable interest in the fund equal to the measure of damages they suffered as a result of the breach, and therefore that part of the escrow fund would become property of the estate and subject to exemption by the debtors. At this point in the litigation we cannot determine if any part of the escrow fund is part of the estate since no court has yet reached the merits of the contract dispute. Furthermore, the debtors' defense to the request for relief from the stay is tantamount to a counterclaim for an alleged breach of contract. The legislative history to § 362 indicates that such a claim is not relevant to the request for relief from the stay. The commencement of an action for relief from the stay "will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters." S.Rep. No. 95–989, 95th Cong., 2d Sess. 55 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5841.

Since the merits of this contract action must necessarily be determined, the Court will grant relief from the stay "for cause" [2]

cating that Belles willfully violated the stay or that harm resulted from the filing.

**2.** The legislative history to § 362(d) indicates that "cause" can include allowing a law suit to continue in another forum. "(A) desire to per-

mit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case." H.R.Rep. No. 95–595,

under § 362(d)(1) and allow Belles to pursue the contract action in the Court of Common Pleas of Luzerne County. To the extent that the county court determines that Belles is entitled to recover less than $3,645.00, Belles will be entitled to that sum from the escrow fund with the remainder of the fund going to the bankruptcy estate. To the extent that the county court determines that Belles is entitled to recover an amount equal to or greater than $3,645.00, Belles will be entitled to the full $3,645.00.

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.

95th Cong., 1st Sess. 343 (1977), U.S.Code    Cong. & Admin.News 1978, pp. 5787, 6300.