In re Harry Charles PAPPAS, Debtor.

**CHESHIRE COUNTY SAVINGS BANK, Plaintiff,**

v.

**Harry C. PAPPAS and Richard P. Salem, Trustee, Defendants.**

Bankruptcy No. 4–81–00193–G.
Adv. No. 4–83–0343.

United States Bankruptcy Court, D. Massachusetts.

Dec. 16, 1985.

Irving D. Labovitz, Manuel M. Farber, Cooley, Shrair, Alpert, Labovitz, & Dambrov, P.C., Springfield, Mass., for plaintiff.

Richard P. Salem, Leicester, Mass., Trustee.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

This matter comes before the Court on an objection by a creditor bank, Cheshire County Savings Bank (the "Bank"), to the Trustee's line of questioning and attempts to introduce certain evidence at a hearing on the Bank's complaint for relief from the automatic stay.

## FACTS

The procedural history and the facts of this adversary proceeding are substantially set out in this Court's "Memorandum and Order on Trustee's Motion for Sanctions and Creditor's Motion to Confirm Sale or Alternatively to Require Abandonment of Real Property by the Trustee," issued on June 3, 1985 (Adversary Proceeding No. 4–83–0343). Those facts need not be repeated in full here.

A hearing on the Bank's complaint seeking relief from the automatic stay was held before this Court on October 17, 1985. At that hearing, Albert J. Jacques, a vice-president of the Bank, testified as to the amounts owed by the debtor, Harry C. Pappas (the "Debtor"), to the Bank. He further testified as to the value of two pieces of real property owned by the Debtor, on which the Bank now wishes to foreclose.

On cross-examination, the trustee sought to question Mr. Jacques about payments to the Bank allegedly made by the Debtor after the filing of the Debtor's petition in bankruptcy. The Trustee claims that the payments were not applied to the debt owed by the Debtor to the Bank.

The Bank's attorney vigorously objected to this line of questioning and the introduction of any evidence concerning the alleged postpetition payments. At that point, the Court suspended the hearing and took the Bank's objection under advisement.

## DISCUSSION

The issue now before the Court is whether the Trustee may introduce evidence regarding alleged postpetition payments made by the Debtor to the Bank at a hearing on the Bank's request for relief from the automatic stay. The Bank asserts that these postpetition payments, if they exist, should be the subject of a separate complaint by the Trustee against the Bank. No such Complaint has been filed by the Trustee. The Bank further points out that the Trustee's answer to the Bank's Complaint is in the nature of a general denial and does not mention the alleged postpetition payments as either an affirmative de-

fense or a counterclaim.[1] The Bank claims that it is now too late for the Trustee to amend his pleadings[2] and, in any event, that a counterclaim of this sort should not be heard at a hearing on relief from the automatic stay.

The Trustee asserts that the Bank's claim against the Debtor should be disallowed as a result of the alleged post-petition payments, pursuant to 11 U.S.C. §§ 502(d) and 549. He further states that the Court should not grant the Bank relief from the automatic stay prior to determining whether the Bank is a postpetition transferee whose claim should be disallowed.

Complaints for relief from the automatic stay are governed by 11 U.S.C. § 362. The legislative history of that section states, in part:

> [A]t the expedited hearing under subsection [362](e), and at hearings on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters. This approach is consistent with that taken in cases such as *In re Essex Properties, Ltd.,* 430 F.Supp. 1112 (N.D.Cal.1977), that an action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert counterclaims. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover

property of the estate or to object to the allowance of a claim. However, this would not preclude the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in exercising its discretion. What is precluded is a determination of such collateral claims on the merits at the hearing.

*In re Vacuum Cleaner Corporation of America,* 33 B.R. 701, 705 (Bankr.E.D.Pa. 1983); *quoting* S.Rep. No. 95–989, 95th Cong., 2d Sess. 55, reprinted in 1978 U.S. Code Cong. & Admin.News 5787, at 5841.

■ As a general rule, hearings on relief from stay under § 362 are not the proper forum for deciding counterclaims by a debtor against a creditor. *In re W.E. Tucker Oil, Inc.,* 42 B.R. 897, 902 (Bankr. W.D.Ark.1984); *In re Heinzeroth,* 40 B.R. 518, 519 (Bankr.E.D.Pa.1984); *In re Vacuum Cleaner Corp. of America,* 33 B.R. at 706; *In re Biller,* 27 B.R. 206, 208 (Bankr.M.D.Pa.1982); *In re Born,* 10 B.R. 43, 49 (Bankr.S.D.Tex.1981). It has been pointed out, however, that "there is a tremendous difference between adjudication of the merits and mere consideration of counterclaims and defenses. Nothing in the comments of Congress indicates that it intended bankruptcy judges to blind themselves to the existence of factors which might bear on the ultimate resolution of a dispute between a debtor and a secured creditor." *In re Tally Well Service, Inc.,* 45 B.R. 149, 151 (Bankr.E.D.Mich.1985). *See In re Davenport,* 34 B.R. 463 (Bankr. M.D.Fla.1983); *In re Marta Group, Inc.,* 33 B.R. 634 (Bankr.E.D.Pa.1983); *United Companies Financial Corporation v. Brantley,* 6 B.R. 178 (Bankr.N.D.Fla.1980).

■ Counterclaims or affirmative defenses are divided into two groups, those which directly contest the validity of a creditor's lien or the amount of that lien, as opposed to those claims which would only

---

**1.** Immediately prior to the October 17, 1985 hearing, the Trustee filed in Court a "Memo in Opposition to Plaintiff's Complaint for Relief from Stay" which sets out, in a general fashion, his claims regarding these payments.

**2.** The Court notes that Rule 15 of the Federal Rules of Civil Procedure provides that leave of the court to amend a pleading shall be freely given when justice so requires.

effect a reduction or set-off against the debt. The first type should be considered in a hearing on relief from stay; the latter should not. *In re Tally Well*, 45 B.R. 149; *In re Davenport*, 34 B.R. 463; *In re Marta Group*, 33 B.R. 634; *United Companies Financial Corporation v. Brantley*, 6 B.R. 178.

■ Preference and fraudulent transfer actions brought under §§ 547 and 548 of the Bankruptcy Code are among those claims which challenge the validity of a secured party's lien and should be considered at a hearing on relief from stay, particularly where the debtor would be unable to utilize those defenses in a subsequent state court action to foreclose on the debtor's property. *In re Davenport*, 34 B.R. 463 (Bankr.M.D.Fla.1983); *In re Marta Group, Inc.*, 33 B.R. 634, 641 (Bankr.E.D.Pa.1983). In *In re Dudley*, 38 B.R. 666 (Bankr.M.D.Pa.1984), the court went so far as to rule on a debtor's § 548 fraudulent transfer claim because the debtor's claim arose out of the same transaction as the creditor bank's § 362 motion.

■ The Court finds that the Trustee's §§ 502(d) and 549 [3] claims regarding alleged postpetition transfers to the Bank are claims which "strike at the heart" of the validity of the Bank's lien. *In re Tally Well Service, Inc.*, 45 B.R. at 153, *United Companies Financial Corporation v. Brantley*, 6 B.R. at 188. As such, these claims will be considered, though not adjudicated, at the hearing on relief from stay, in part because they do not appear to be defenses capable of being raised at a state court hearing on foreclosure.

The Trustee has not, as yet, filed any claim against the Bank regarding these alleged postpetition payments. The Court suggests that, if he intends to do so, he file any such Complaint posthaste. The Court

---

**3.** Section 502(d) states, in relevant part:
   ... the court shall disallow any claim of any entity ... that is a transferee of a transfer avoidable under section ... 549 ... of this title....
   Section 549 states, in relevant part:
   ... the trustee may avoid a transfer of property of the estate—

further suggests that any allegations in that Complaint be plead with great specificity, particularly as to dates and amounts. The Court, while it will consider any such claim filed by the Trustee in ruling on the request for relief from stay, does not intend to conduct a full hearing on that claim at the time of the continued hearing on relief from stay.

The parties are hereby ordered to contact the clerk's office with suggested dates for the continued hearing on the Bank's Complaint for relief from stay.

SO ORDERED.

(1) made after the commencement of the case;
(B) ... that is not authorized under this title or by the court.