**In re Frank J. MARKUNES, Debtor.**

**Bankruptcy No. 3–87–01463.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 23, 1988.

Thomas R. Noland, Dayton, Ohio, for trustee.

C.R. Bowles and Jay Rosenberg, Cincinnati, Ohio, for debtor.

Peter Donahue, Dayton, Ohio, for creditor.

---

**DECISION AND ORDER REQUIRING CONTINUED HEARING ON MOTION OF GEORGIA MARKUNES JOHNSON FOR RELIEF FROM AUTOMATIC STAY**

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the motion of Georgia Markunes Johnson for relief from the automatic stay of 11 U.S.C. § 362 to permit her to initiate proceedings in state court in order to enforce certain claimed rights in shares of stock owned by Frank J. Markunes.

### FACTS

On February 5, 1985 the Court of Common Pleas, Montgomery County, Ohio, Division of Domestic Relations, entered a "Final Judgment and Decree of Divorce" which dissolved the marriage of Frank J. Markunes ("Debtor") and Georgia Markunes Johnson ("Movant"). In the decree of divorce Debtor was declared the sole and absolute owner of certain stock in Kemp Precision Circuits, Inc. The stock was found by the state court to have a value of $390,000. By way of property settlement Debtor was required to pay $206,686 to Movant upon the following terms: $60,000 on or before thirty (30) days after the filing of the decree and yearly installments of $12,000 plus 10% interest.[1] The court further ordered in its decree that:

> [N]otwithstanding the above schedule of payments for paying the $206,686.00 to Plaintiff [Movant], in the event the Defendant [Debtor] should sell his interest in Kemp Precision Circuits, Inc. at any time prior to the full payment of his said obligation to Plaintiff, then any balance remaining unpaid on that obligation plus interest due thereon shall immediately be paid to Plaintiff upon the sale of said interest and in order to secure Defendant's obligation to Plaintiff, Defendant shall forthwith deposit all his shares of stock in Kemp Precision Circuits, Inc. with the Clerk of Courts of Montgomery County, Ohio who shall hold the stock

---

1. The decree also provided that the installments were to increase to $18,000 per year when the child of Debtor and Movant reached eighteen (18) years of age and completed high school.

until said obligation is paid in full or until the parties otherwise agree as evidenced by an order of this Court.

It is further ordered that Defendant shall also execute and deliver to Plaintiff his promissory note in the amount of $206,686.00 secured by all of his shares of stock in Kemp Precision Circuits, Inc. for the payment thereof.

It is further ordered that Plaintiff shall execute the necessary documents to acknowledge each payment of principal and interest made to her by the Defendant and that when one-half of the principal has been paid plus interest thereon, Plaintiff shall personally, or by counsel, sign a Court Order to have one-half of said escrowed stock released by the Clerk of the Court of Montgomery County, Ohio to the Defendant, and that upon the payment of said obligation in full including interest, Plaintiff or her counsel shall also sign a similar order for the release of the balance of said shares of stock, and Plaintiff shall cooperate in any release of the stock for sale thereof so long as her payment is assured. Movant's Exhibit "A".[2]

Debtor has paid only a nominal amount toward the property settlement obligation and Movant requests relief from the automatic stay of Section 362 of the Bankruptcy Code in order to seek recourse against the shares of stock in state court.

## CONCLUSIONS OF LAW

Several parties have objected to movant's motion on the basis that movant does not have a "lien" to enforce against Debtor's stock. In addition, the trustee in bankruptcy suggested at the hearing that whether Movant's lien is valid or not should be the subject of an independent adversary proceeding and not decided at the present time. The court does not agree. When affirmative defenses and counterclaims involve issues that are extraneous to a relief from stay hearing they usually are not decided at such hearing. But in the case of defenses which contest the validity of a creditor's lien, it is necessary for the court to entertain the issue of lien validity because the issue lies at the very heart of the creditor's interest in the property. *In re Dino and Artie's Automatic Transmission Co., Inc.,* 68 B.R. 264, 268 (Bankr. S.D.N.Y.1986); *Cheshire County Savings Bank v. Pappas (In re Pappas),* 55 B.R. 658, 660 (Bankr.Mass.1985); *United Companies Financial Corp. v. Brantley,* 6 B.R. 178 (Bankr.N.D.Fla.1980). Obviously, if Movant has no lien in Debtor's stock, relief from stay should not be granted. The court will, therefore, determine the validity of Movant's lien at this stage of the proceedings.

The Bankruptcy Code defines a "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(33). The Code refers to three different types of liens: security interests, statutory liens and judicial liens. The primary ground relied on by the objecting parties to support their assertions that movant's lien is invalid is that movant's lien has not been perfected under Chapter 1309 of the Ohio Revised Code (Article 9 of the Uniform Commercial Code) which governs secured transactions and sales of accounts and chattel paper. However, Chapter 1309 of the Ohio Revised Code has no application to the instant matter because that chapter applies essentially to the creation of consensual liens. The Bankruptcy Code's definition of "security interest" is consistent with this consensual feature of Article 9 transactions: " 'security interest' means lien created by an agreement." 11 U.S.C. § 101(45). Clearly, no agreement was involved in the creation of Movant's interest in Debtor's stock.

What is before this court is a judgment of a state court ordering Debtor to deposit his stock with the Clerk of Courts of the state court "in order to secure [Debtor's] obligation to" Movant. In its entirety the state court judgment demonstrates that court's intent to ensure that the stock would serve as security for payment by

**2.** No evidence was introduced that Debtor complied with the order with respect to the execution of a promissory note secured by the shares of stock.

Debtor of his obligation to Movant. As a result the state court imposed a lien on the stock which constitutes a "judicial lien" under the definitional section of the Bankruptcy Code:

> "Judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. 11 U.S.C. § 101(32).

Two observations are necessary regarding this judicial lien. First, it is not apparent whether the state court relied on statutory authority or its equitable powers to establish the lien. Even if equitable powers were the source of the lien's imposition, in this court the lien's status is not that of an "equitable lien" imposed by this court, but rather a state court "judicial lien" with equitable underpinnings. Second, no party to this proceeding has challenged the authority of the state court to create the lien. Instead, the alleged infirmity was that the lien was not effective under Chapter 1309 of the Ohio Revised Code.[3] Therefore, the court finds that Movant's lien is valid as a "judicial lien" as defined by Section 101(32) of the Bankruptcy Code.

■ Despite the validity of Movant's lien there are two reasons why relief from stay cannot be granted at this time. First, because the divorce decree grants Debtor the right to sell the stock and the trustee in bankruptcy has succeeded to any rights Debtor may exercise, the trustee should have a reasonable period of time to consider whether the exercise of the right to sell the stock would benefit the bankruptcy estate.[4] Because of the size of the debt which must be paid to Movant upon sale of the stock and the low value assigned to the stock by Debtor in his bankruptcy schedules, the desireability of such a sale by the trustee appears doubtful, but nevertheless he should have an opportunity to consider the propriety of a sale.

The second reason for not lifting the automatic stay at this time concerns the value of the stock. Movant's counsel indicated at the hearing that Movant might elect to retain the stock rather than selling it. For this reason it is crucial that the court know the value of the stock in order to determine what portion of Movant's total claim would be satisfied by her retention of the stock. Thus far in the proceedings evidence of the value of the stock has been extremely tenuous. At the next hearing the court expects detailed evidence of both the liquidation value and the going concern value of the stock. Further, at the end of the hearing the trustee should be prepared to inform the court of his decision with respect to a sale of the stock.

■ The parties objecting to relief from stay also resist Movant's motion on the ground that Movant has maintained inconsistent positions during Debtor's bankruptcy case because she served on the unsecured creditors' committee while Debtor's case was a chapter 11 proceeding. When this case was filed Debtor listed Movant as having a claim of $206,000 and valued the stock at $75,000. Under 11 U.S.C. § 506(a) Movant has an unsecured claim to the extent she is undersecured. As a holder of an unsecured claim she was eligible to serve on the creditors' committee pursuant to Section 1102 of the Bankruptcy Code.

■ Movant's request for relief is also challenged on the basis that she previously filed a proof of claim as an unsecured creditor. The court accepts the explanation offered at the hearing that Movant initially

3. The trustee in bankruptcy also contended that the lien does not comply with Chapter 1308 of the Ohio Revised Code (Article 8 of the Uniform Commercial Code) governing investment securities. No memorandum of law has been furnished to the court indicating the precise nature of the alleged noncompliance with Chapter 1308 and the court has been unable to discern any obvious contravention by the state court of those provisions. Therefore, the court does not unequivocally hold that the provisions of Chapter 1308 have been fulfilled but merely finds that the trustee has not established a specific failure to satisfy the requirements of Chapter 1308. The court also notes that Ohio Rev.Code § 1308.32(F) provides the state court with broad powers in assisting a creditor to attach investment securities.

4. The court is aware that the trustee has recently filed a complaint to sell the stock. However, the complaint was filed prior to a determination of the validity of Movant's lien.

failed to recognize her secured position. There being no evidence of detrimental reliance by any other party, the court finds no basis to estop Movant from asserting a secured position now nor was there any evidence of any knowing waiver of a secured interest by Movant.

For the foregoing reasons it is hereby ORDERED that a continued hearing on the within matter is set for Thursday, June 23, 1988 at 1:30 P.M.