In re Jesse FRANKLIN, Jr., and wife Dorothy J. Franklin, Debtors.

Billy Lee THOMPSON, et al., Plaintiff,

v.

FIRST NATIONAL BANK OF TRINITY, Defendant.

Bankruptcy No. L–85–00484.
Adv. No. A–85–0336.

United States Bankruptcy Court,
E.D. Texas,
Beaumont Division.

Nov. 29, 1989.

T.J. Baynham, Jr., Tyler, Tex., for plaintiff/debtor Jesse Franklin, Jr.

Bob Delong, Huntsville, Tex., for defendant First Nat. Bank of Trinity.

## OPINION AND ORDER

DONALD R. SHARP, Bankruptcy Judge.

This matter came on for status conference in Beaumont, Texas, at 9:30 a.m., on Monday, October 23, 1989. Robert DeLong, Jr., was present representing First National Bank of Trinity, and T.J. Baynham, Jr., was present representing the Debtors and the Trustee, Billy Lee Thompson. The Court determined that a pending Motion to Dismiss would have to be disposed of prior to trial, and trial was tentatively set for January 17 and 18, 1990, at 9:00 a.m. For reasons set forth hereinafter, the trial setting is hereby vacated.

This case has had a long and involved procedural history which seems to have been riddled with errors at virtually every turn. The matter now before the Court is a Motion to Dismiss filed by First National Bank of Trinity on July 25, 1988. This Court finds that motion to be well taken and to be dispositive of the issues that remain in this case. For purposes of clarity a complete chronology of the events in the case is necessary.

This action began with the Debtor's voluntary petition for relief under Chapter 7 on May 31, 1985. On October 10, 1985, First National Bank of Trinity, Texas, filed a Motion for Relief from Automatic Stay which was erroneously captioned in the form of an adversary proceeding. The clerk erroneously assigned an adversary number to the Motion for Relief from Automatic Stay and from that point the procedural quagmire deepened. In the Motion for Relief from Automatic Stay filed on October 10, 1985, First National Bank of Trinity sought relief relating to three debts. The first debt was in the amount of $2,682.90 and was secured by "real estate" with no further description of the security being given. The second debt was in the

amount of $1,700.00, which debt was secured by a deed of trust executed on June 16, 1982, covering certain properties in Trinity County, Texas. The property is described in the deed of trust which is attached to the original motion: The third debt was in the amount of $5,814.00 and was likewise secured by a deed of trust affecting certain real estate in Trinity County, Texas. The record in this case reflects that no response was filed to the Motion for Relief and no hearing was held with respect to the motion. Statutory and case law is clear that the automatic stay provided by § 362(a) of the Bankruptcy Code is terminated 30 days after a motion to lift stay is filed unless the Court orders such stay continued in effect. No such order was entered in this case since there was no response to the motion by the Debtor. Therefore, the automatic stay as to the three debts detailed above terminated on November 9, 1985, and to the extent that is not clear this Court so holds.

The next document filed in the record of this case is styled "Amended Motion for Relief From Automatic Stay." It would have been more properly styled a supplemental motion since it reiterates the request for relief from stay as to the three debts mentioned above and requests additional relief from stay as to seven other obligations detailed on Exhibit F. to the "Amended Motion." The additional debts are detailed as follows:

| DATE OF NOTE | OUTSTANDING BALANCE |
|---|---|
| January 2, 1985 | $   318.02 |
| December 29, 1984 | $ 1,613.23 + interest |
| December 12, 1983 | $ 8,621.45 |
| August 24, 1983 | $11,914.00 |
| April 4, 1980 | $ 3,143.12 |
| July 10, 1980 | $ 3,308.99 |
| September 28, 1979 | $51,751.92 |

There was no response to the "Amended Motion" and no hearing held to continue the automatic stay of § 362(a) in effect, so the automatic stay as to the seven additional detailed debts terminated by operation of law on February 27, 1986. To the extent that is in doubt this Court so holds.

The next document of note is an Affidavit for Entry of Default filed by counsel for First National Bank of Trinity on December 5, 1986. This was a superfluous entry since the only relief requested had already been granted by operation of law. However, in an apparent response to the application for default judgment Defendant filed a pleading styled "Defendant's Original Answer" which did not address the specific allegations of the motion previously filed but did aver that Defendants were in the process of preparing a "Cross-action" against the Plaintiff. Subsequent to the filing of that pleading the Defendants then filed a document on January 20, 1987, styled "Debtor's and Defendant's Counterclaim Against Plaintiff." All proceedings from that point forward have dealt with various efforts to move the case toward trial or resolution by dismissal. All subsequent pleadings have been attempts to realign parties or to define the issues but have really added nothing of substance for this Court's determination.

The "counterclaim" deals with only two debts of the Debtors, only one of which is a subject of the Motion for Relief from Automatic Stay. The first debt dealt with in the counterclaim is an "SBA Note" in the amount of $487,000.00. That debt is not a part of either the original or Amended Motion for Relief from Automatic Stay. The other debt dealt with in the counterclaim appears to be the $50,000.00 debt dated September 28, 1979, and listed in the Amended Motion for Relief from Automatic Stay. The principal thrust of the counterclaim is to seek actual and punitive damages for alleged misrepresentations and other alleged wrongful acts of the First National Bank of Trinity.

The jurisprudence is clear that counterclaims such as those set forth in the Debtor's Counterclaim are not a proper response to a Motion for Relief from Automatic Stay. The rationale behind these holdings is pointed out in the case of *Vastola v. Milks*, 14 B.R. 15 at 16 (Bkrtcy. D.C.1981), by quoting the report of the Senate Judiciary Committee as follows:

"The action commenced by the party seeking relief from the stay is referred to as a motion to make it clear that at the expedited hearing under subsection (e), and at hearings on relief from the stay,

the only issue will be the lack of adequate protection, the Debtor's equity in the property, and the necessity of the property to an effective reorganization of the Debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters. This approach is consistent with cases "holding" that an action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert counterclaims. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover property of the estate or to object to the allowance of a claim." U.S.Code Congressional and Administrative News, 95 Cong., 2d Sess., at 5787, 5841.

A non-exhaustive list of other cases that have confronted the issue are *In Re Miller*, 58 B.R. 192 (Bkrtcy.S.D.Tex.1985) (Action to avoid a fraudulent conveyance not a proper issue in an 11 U.S.C. § 362 complaint); *In Re Biller*, 27 B.R. 206 at 208 (Bkrtcy.M.D.Penn.1982) (Breach of contract claim not relevant to a request for relief from the stay); *In Re Bennett*, 17 B.R. 843 (Bkrtcy.D.N.M., 1982) (Matters raised extraneous to the issue of lifting automatic stay, whether they are raised by counterclaim, third-party complaint or otherwise shall be dismissed from the main stay complaint and may be filed in the separate proceeding). Other cases have held that affirmative defenses or counterclaims are not to be entertained in the context of a Motion for Relief from Automatic Stay except in those limited instances where the defense contests the validity of the creditor's lien as distinguished from the amount of the lien. *In Re Dino and Artie's Automatic Transmission Company, Inc.*, 68 B.R. 264 (Bkrtcy.S.D.N.Y., 1986); *In Re Compass Van and Storage Corporation*,

61 B.R. 230 (Bkrtcy.E.D.N.Y., 1986); and *In Re Davenport*, 34 B.R. 463 (Bkrtcy.D. Fla., 1983). It is clear from a reading of the counterclaims that were set forth in the Debtor's pleadings that the claim pertaining to the "SBA note" was totally extraneous to the Motion for Relief from Automatic Stay except as it might give rise to a set-off in the event Debtor were successful in proving that the bank had some liability to him. The claim as to the $50,000.00 note did not address the validity of the security interest but rather argued that certain provisions of the Texas Consumer Credit Code had been violated which would give the Debtor a right to a reduction in the debt or set-off that could be exercised.

It is clear from a reading of the counterclaim that even if it had been timely filed it should not have been considered in the context of a Motion to Lift Stay and therefore, as a counterclaim to the Motion to Lift Stay it must be dismissed on the ground that it is not a proper issue to be considered in the context of a Motion for Relief from Stay and on the additional ground that by the time the document was filed the stay had already been terminated by operation of law and therefore, any counterclaim at that point was moot.

This Court is not unmindful of the fact that bankruptcy courts are courts of equity and therefore feels compelled to explore the possibility that the counterclaim should be considered an original complaint filed by the Debtor to begin an adversary proceeding by him against the First National Bank of Trinity. Although it is possible that the counterclaim could be considered a self-sustaining complaint that would be sufficient to initiate an adversary proceeding, the Court need not address that issue. There is another procedural defect which would mandate a dismissal of the complaint in this case even if it were properly pled. Bankruptcy Rule 7004(a) makes Federal Rule of Civil Procedure 4(j) applicable to adversary proceedings. Rule 4(j) requires service of the summons and complaint upon a Defendant within 120 days after the filing of the complaint and requires that the action be dismissed if the party on whose

behalf such service was required cannot show "good cause" why service was not made. Since there was no summons issued and no service made in accordance with Bankruptcy Rule 7004 the counterclaim would have to be dismissed (even assuming it could be considered a self-sustaining complaint) unless the Debtor could show "good cause" why the service was not made within the 120 day period. Other courts have held that ignorance of the rule requiring service within 120 days does not demonstrate "good cause" *Townsel v. County of Contra Costa, California,* 820 F.2d 319 at 320 (9th Cir., 1987). It has also been held that there is no "good cause" for failure to effect service on Defendant within 120 days after filing a complaint where the Defendant did not evade service, there was no attempt to serve Defendant in a timely fashion either by mail or in any other fashion until over a year after the action was filed and there was no explanation for failing to do so. *Gordon v. Hunt,* 116 F.R.D. 313 at 323–325 (S.D.N.Y.1987); *affirmed* 835 F.2d 452; *cert. denied* 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198. Also see *In Re Riposa,* 59 B.R. 563 (Bkrtcy.N.D.N.Y., 1986).

Therefore, the counterclaim in this action would have to be dismissed even if it could be considered a self-sustaining complaint which, if properly served, would have initiated an adversary proceeding.

It is THEREFORE ORDERED, ADJUDGED AND DECREED that the Automatic Stay under § 362 of the Bankruptcy Code has been terminated as set forth earlier in this opinion, and the Motion to Dismiss the Counterclaim is GRANTED and the counterclaim is hereby DISMISSED.