**In the Matter of Skender S. SHEHU, Qibaret B. Shehu, Debtors.**

**RESOLUTION TRUST CORPORATION Receiver for Comfed Savings Bank, Movant,**

v.

**Skender S. SHEHU, Qibaret B. Shehu, Respondents.**

**Bankruptcy No. 2–90–01644. Motion No. 2–90–489M.**

United States Bankruptcy Court, D. Connecticut.

June 14, 1991.

Michael P. Berman, and Neil G. Becker, Berman & Sable, Hartford, Conn., for movant.

Laura Gold Becker, Sorokin, Sorokin, Gross, Hyde & Williams, P.C., Hartford, Conn., for debtors-respondents.

MEMORANDUM OF DECISION RE: LIMITATION OF DEFENSES AND COUNTERCLAIMS IN A RELIEF FROM STAY PROCEEDING

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### ISSUES

The matter before the court is a motion now being pressed by the Resolution Trust Corporation (RTC), an agency and instrumentality of the United States. *See,* 12 U.S.C.A. § 1441a(b)(1) (West Supp.1991). The motion, originally commenced by Comfed Savings Bank (Comfed) on August 19, 1990, seeks relief from stay to continue a mortgage foreclosure action pending in state court. RTC, under procedures set forth in the Financial Institution Reform, Recovery and Enforcement Act of 1989 (FIRREA) became the receiver of Comfed effective February 1, 1991.[1] Two issues have been presented by the parties for interlocutory determination: (1) the extent to which affirmative defenses and counterclaims may be asserted in relief from stay proceedings, and (2) the effect on allowable defenses and counterclaims resulting from RTC replacing Comfed as the moving party.

## II.

### BACKGROUND

The debtors, Skender S. and Qibaret B. Shehu, filed their chapter 11 petition on August 3, 1990, shortly after Comfed started a mortgage foreclosure action on the debtors' property located at 1412 East Street, New Britain, Connecticut (the property). The debtors, on August 12, 1988, had executed a one-year construction note for $2,267,000 and granted Comfed a mortgage on the property as security. The purpose of the loan was to prepare a 40–unit apartment building on the property for

---

1. The court on January 31, 1991, pursuant to a motion filed under Bankr.R. 7025, entered an order substituting RTC as conservator in place of Comfed, an insured depository institution under FIRREA.

conversion to condominium form of ownership. The debtors failed to pay the note when due, and Comfed started its mortgage foreclosure action on June 26, 1990.

In response to Comfed's relief from stay motion alleging that the debtors had no equity in the property and that the mortgage lacked adequate protection, the debtors submitted as defenses and counterclaims that Comfed is liable to them for breach of contract, negligence, breach of implied covenants of good faith and fair dealing, and unfair trade practices, all arising out of the lender-borrower relationship. The debtors contend they are entitled to assert these claims as offsets for the amount alleged due under the note and thereby to establish their equity in the property. For present purposes, the parties concede that the amount due on the note exceeds the value of the property and that Comfed properly perfected its mortgage.

RTC contends that "direct" defenses which may invalidate the debt or the lien are permissible in relief from stay proceedings, but that "indirect" defenses which seek only to reduce the debt by way of setoff are not. Further, RTC argues that even if some of the debtors' defenses would be assertable against Comfed, they cannot be asserted against RTC as receiver.

### III.

### DISCUSSION

#### A.

Bankruptcy Code § 362(a) establishes that a bankruptcy petition operates as a stay of most acts and actions against a debtor. Subdivision (d) contains the conditions for a party to secure relief from this automatic stay:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to the stay of an act against property under subsection (a) of this section, if—

(a) the debtor does not have an equity in such property; and

(b) such property is not necessary to an effective reorganization.

■ Bankruptcy Rule 4001(a) informs that a request for relief from stay is a contested matter commenced by motion, and that the hearing be held on an expedited basis. Contested matters generally involve reasonable notice as well as an opportunity for a hearing, but, unless ordered by the court, require no responsive pleadings. *See,* Bankr.R. 9014.

The legislative history of § 362(d) provides a fairly straightforward statement of how that section operates.

[A]t the expedited hearing under subsection [362](e), and at hearings on relief from stay, the only issue will be the lack of adequate protection, the debtor's equity in the property and the necessity of the property to an effective reorganization of the debtor, or the existence of other causes for relief from stay. This hearing will not be the appropriate time in which to bring in other issues such as counterclaims against the creditor, which although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters. This approach is consistent with that taken in cases such as *In re Essex Properties, Ltd.,* 430 F.Supp. 1112 (N.D.Cal.1977), that in an action seeking relief from the stay, it is not the assertion of a claim which would give rise to the right or obligation to assert counterclaims. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover property of the estate or to object to the allowance of a claim. However, this will not preclude the party seeking continuance of the stay from presenting evidence on the existence of claims which the Court may consider in exercising its discretion. What is precluded is a determination of such collateral claims on the merits at the hearing. S.Rep. No. 989, 95th Cong., 2nd Sess. 55, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5841.

Despite some authority supporting the position RTC urges upon the court —see, e.g., *Thompson v. First National Bank of Trinity (In re Franklin)*, 111 B.R. 582, 583 (Bankr.E.D.Tex.1989); *Hoyt, Inc. v. Born (In re Born)*, 10 B.R. 43, 47 (Bankr.S.D.Tex.1981)—that the bankruptcy court during a relief from stay hearing can only consider direct defenses which challenge the validity of the debt and the lien, the better and majority view is to the contrary. Taking their cue from the statement contained in the legislative history, *supra*, that "the party seeking continuance of the stay [is not precluded] from presenting evidence on the existence of claims which the court may consider in exercising its discretion," most courts conclude that evidence of indirect defenses going to offset the amount of the secured debt is admissible. The indirect defenses are not, unless by agreement of the parties, subjected to a full-scale trial on the merits. The issue is limited to whether the debtor has presented sufficient evidence of the bona fides of their claim for the court to deny the motion for relief from stay.[2] The full hearing will be conducted under Part VII (Adversary Proceedings) of the Bankruptcy Rules. *See, In re Compass Van & Storage Co.*, 61 B.R. 230, 234 (Bankr.E.D.N.Y.1986); *In re Dennison*, 50 B.R. 950, 955 (Bankr.E.D.Pa.1985); *First State Bank of Crossett, Arkansas v. W.E. Tucker Oil, Inc. (In re W.E. Tucker Oil, Inc.)*, 42 B.R. 897, 902 (Bankr.W.D.Ark.1984); *In re Tally Well Serv., Inc.*, 45 B.R. 149, 152 (Bankr.E.D.Mich.1984); *Emerson Quiet Kool Corp. v. Marta Group, Inc. (In re Marta Group, Inc.)*, 33 B.R. 634, 641 (Bankr.E.D.Pa.1983); *United Companies Fin. Corp. v. Brantley*, 6 B.R. 178, 182 (Bankr.N.D.Fla.1980). Debtors should not be forced to appear in state court foreclosure actions where they clearly would be permitted to raise their defenses seeking to eliminate or reduce the debt. *See, e.g.,*

*Savings Bank of New London v. Santaniello*, 130 Conn. 206, 211, 33 A.2d 126, 129 (1943).

**B.**

The Federal Deposit Insurance Act of 1960, 12 U.S.C. § 1823(e), as amended by FIRREA, provides the RTC with a limited immunity from claims. *See,* 12 U.S.C.A. § 1441a(b)(4) (West Supp.1991). § 1823(e) states:

No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been, continuously, from the time of its execution, an official record of the depository institution.

This statute is a codification and extension[3] of the doctrine of *D'Oench, Duhme & Co., Inc. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). "[T]he *D'Oench, Duhme* doctrine, which is the common-law counterpart to § 1823(e) ... is a 'stout barrier' which defeats any unwritten side agreement that a party attempts to assert against the FDIC–Corporation." *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir.1989). The purposes of the *D'Oench, Duhme* doc-

---

**2.** *Compare* 11 U.S.C. § 303(b)(1) where the court determines whether a petitioning creditor holds a claim that is not "the subject of a bona fide dispute" but does not decide the dispute. *Compare also* 11 U.S.C. § 303(h)(1) where the issue is whether debts "are the subject of a bona fide dispute."

**3.** *D'Oench, Duhme* originally prohibited "secret agreements". Section 1823(e) expands this doctrine to prohibit any claim or defense based upon oral or unexecuted agreements.

**30**

trine and § 1823(e) are to "allow federal and state bank examiners to rely upon the bank's records in evaluating the worth of the bank's assets" and to "ensure mature consideration of unusual loan transactions by senior bank officials, and prevent fraudulent insertions of new terms, with the collusion of bank employees, when a bank appears headed for failure." *Langley v. FDIC,* 484 U.S. 86, 91–92, 108 S.Ct. 396, 401–02, 98 L.Ed.2d 340 (1987).

■ The debtors concede in their reply brief that any of their claims based upon Comfed's oral promises (*e.g.,* to advance additional funds) are not assertable against the RTC. They argue, however, that the balance of their claims are either based on written agreements or are not agreement based. Issues raised by RTC under § 1823(e) concerning the alleged written agreements, such as contemporaneity, proper execution, board of director approval and the like cannot be properly addressed at this stage of the proceeding. No record exists, material facts are in dispute, and their resolution should await a hearing.

### IV.

### CONCLUSION

The debtors may seek to establish affirmative defenses and counterclaims to the extent sufficient for the court to determine the likelihood of the debtors having equity in their property. No such defenses or counterclaims based on alleged oral agreements with Comfed may be asserted against RTC. It is

SO ORDERED.