**MADISON NATIONAL BANK, a national banking association, Appellant,**

v.

**Jimmie L. CHIAPELLI and Karen Sue Chiapelli, his wife, Appellees.**

No. 91–70942.

United States District Court, E.D. Michigan, S.D.

Aug. 23, 1991.

Henry Stancato, Detroit, Mich., for appellant.

Leonard Peres, Pontiac, Mich., for appellees.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is a bankruptcy appeal. 28 U.S.C. § 158(a). The issues at hand arose in the context of a motion to lift the automatic stay. 11 U.S.C. § 362(d). Madison National Bank (Madison) seeks relief from the form of the order entered by the United States Bankruptcy Court in case number 90–07729–G on February 21, 1991. The order reads:

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

A. That the motion of Madison National Bank for relief from the automatic stay is hereby denied;

B. That Madison National Bank, as mortgagee, having previously bid in the full amount of its indebtedness of One Hundred Sixty–Five Thousand Seven Hundred Fifty–Two & 05/100 ($165,-752.05) Dollars on another parcel of commercial real estate owned by the debtors, did thereby extinguish the debtors/mortgagors' debt and mortgage on the homestead property hereinabove described; and

C. That the mortgage of Madison National Bank, duly recorded in the office of the Register of Deeds for Oakland County, Michigan, in Liber 9761, Pages 318 and 319, may be and the same is hereby determined to be fully paid, satisfied and discharged and shall no longer constitute a lien of any kind on the above described parcel of real estate and upon the filing of a certified copy of this order with the Oakland County Register of Deeds Office, shall act as a discharge of said mortgage.

Madison does not appeal the bankruptcy court's ruling denying its motion to lift the stay but argues that the bankruptcy court erroneously entered an order that went beyond merely denying the motion. In addition to denying Madison's motion, the order extinguished the mortgage on the homestead property of debtors Jimmie L. and Karen Sue Chiapelli (the Chiapellis) and discharged Madison's lien on the property.

Madison now argues that: 1) the relief provided in the order exceeded the scope of the bankruptcy court's ruling on the record at a hearing conducted on January 10, 1991; 2) the relief provided in the order exceeded the scope of a motion for relief from the automatic stay; and 3) the bankruptcy court erred by not treating its motion as moot once it became apparent that the January 10, 1991 hearing took place after the automatic stay had terminated by operation of law, 11 U.S.C. § 362(c)(2). In response, the Chiapellis assert that: 1) the order was properly entered; 2) the bankruptcy court had the authority to avoid Madison's lien within the context of a motion to lift the stay; and 3) Madison's motion was not moot once the stay terminated by operation of law because the estate was not closed. For the following reasons, the bankruptcy court's decision is REVERSED, and the case is REMANDED to the bankruptcy court for a clarification of its ruling.

### II.

#### A.

On February 9, 1987, the Chiapellis obtained a loan from Madison in the amount of $164,000. To secure the debt, Madison prepared and the Chiapellis executed two separate mortgages on two parcels of real estate, with each mortgage being in the amount of $164,000, for a total of $328,000 as security. The Chiapellis defaulted on the loan, and Madison initiated foreclosure by advertisement on both mortgages.

The Oakland County sheriff conducted the foreclosure on both mortgages on March 16, 1990. At the sheriff's sale, the first parcel, a commercial parcel, was sold to Madison for $165,752.05. Then, the second parcel, a residential parcel (the Chiapellis residence) was sold to Madison for $165,752.05. At the time of the sale, the Chiapellis were indebted to Madison in the amount of $165,758.07. Madison paid a total of $331,504.14 in order to secure sheriff's deeds to the two parcels of real estate.

The six-month statutory redemption period expired on September 16, 1990. The Chiapellis filed a joint Chapter 7 bankruptcy petition on September 10, 1990. The record before the Court neither details the assets and liabilities of the Chiapellis, nor identifies the debtors' equity in the homestead parcel. Although the homestead parcel is listed as exempt on the Individual Debtor's Statement of Intention filed by the Chiapellis, the record does not address the extent to which Michigan or federal law provides for such exemption to be applied against the equity in the homestead parcel.[1] Consequently, the extent to which the automatic stay is applicable, if at all, to the homestead parcel is not established in the record.

### B.

Madison filed its motion for relief from the automatic stay as to both parcels on September 20, 1990. The Chiapellis filed their opposition to the motion as to only one of the parcels, their residence, on October 4, 1990. In their opposition, they sought the following relief: "[T]hat the motion of Madison National Bank to set aside the automatic stay as to Parcel 2 only, be dismissed and relief sought thereunder denied." In a pleading styled "Debtors' Affirmative Allegations," the Chiapellis requested: "[T]hat Madison National Bank's Motion to Set Aside Automatic Stay as to Parcel 2 only (debtors' homestead) be dismissed, the relief sought thereunder be denied, and reasonable attorney fees be awarded to debtors['] attorney."

On January 2, 1991, the bankruptcy court entered an order discharging the Chiapellis' debts pursuant to 11 U.S.C. § 523. Notice of the order was mailed to all interested parties on or about January 15, 1991. Notwithstanding the discharge order, the bankruptcy court heard argument on Madison's motion for relief from the stay on January 10, 1991. In opposition to the motion, the Chiapellis argued that once Madison bid the entire amount due on their loan on the first parcel, that extinguished Madison's lien on the second parcel, citing *Bank of Three Oaks v. Lakefront Properties*, 178 Mich.App. 551, 555, 444 N.W.2d 217 (1989).[2] At the conclusion of the hearing,[3] the bankruptcy court stated: "I am not exactly clear on this record as to what rights [Madison] has, if any, in this property. I am reasonably persuaded that there is substantial equity. I do not see a factual basis to [l]ift the Automatic Stay. The motion is denied without prejudice."

When the parties could not agree on the form of order, the bankruptcy court conducted a hearing on the entry of the order on February 21, 1991. Neither party presented the bankruptcy court with a copy of the transcript of the January 10, 1991 hearing. The Chiapellis argued that their form of order, which included the discharge of the lien, was proper because the bankruptcy court's denial without prejudice of the motion to lift the stay required a finding that the lien was void because it secured a claim that was not an allowed secured claim. The bankruptcy court agreed and entered the order quoted *supra*.

### III.

■ When a bankruptcy court's application of a legal standard is challenged as an abuse of discretion, issues pertaining to

---

**1.** The homestead exemption may be determined by the domiciliary state, 11 U.S.C. § 522(b)(2)(A), creating an alternative to the federal homestead exemption provision. 11 U.S.C. § 522(d)(1). Michigan has established by constitutional provision and corresponding statute a homestead exemption of not less than $3,500. Mich. Const. 1963, art X, § 3: MSA § 27A.6023(a)(8); MCLA § 600.6023(a)(8). *See In re Davis*, 329 F.Supp. 1067 (E.D.Mich.1971). The record does not indicate which exemption provision is to be applied or what amount of equity may be available capable of exemption.

*See In re Gaylor*, 123 B.R. 236 (Bankr.E.D.Mich. 1991).

**2.** In that case, the Michigan Court of Appeals held that when property is purchased at a foreclosure sale for an amount equal to the amount due on the mortgage, the debt is satisfied. The mortgage is also extinguished at the time of the foreclosure sale.

**3.** The bankruptcy court did not conduct an evidentiary hearing.

statutory construction are reviewed *de novo, In re Watson,* 78 B.R. 232, 233 (9th Cir.1987), and without special deference to the lower court's interpretation of the law, *In re New England Fish Co.,* 749 F.2d 1277, 1280 (9th Cir.1984). However, the bankruptcy court's findings of fact are accepted unless they are clearly erroneous. BR 8013; *In re Kimzey,* 761 F.2d 421 (7th Cir.1985). This appeal presents questions of law only, except as to documentary facts. Madison appeal raises the issue of whether the bankruptcy court made sufficient findings of fact to support the entry of the order. In addition, Madison raises the issue of whether the bankruptcy court had the authority to reach the question of the validity of the lien in a proceeding to lift the stay. The Court's review of that issue will be conducted under the *de novo* standard.

### A.

The findings of the bankruptcy court, such as they are, can be found in the transcript of the January 10, 1991 hearing. At the hearing, the court stated: "I am not exactly clear on this record as to what rights [Madison] has, if any, in this property. I am reasonably persuaded that there is substantial equity. I do not see a factual basis to [l]ift the Automatic Stay. The motion is denied without prejudice." While the bankruptcy court found that the Chiapellis had equity in the property, necessitating a denial of Madison's motion, 11 U.S.C. § 362(d)(2)(A), it made no specific findings as to Madison's lien on the parcel or as to the extent of the equity that it asserted existed.

■ Furthermore, the bankruptcy court denied *without prejudice* Madison's motion to lift the stay. "Without prejudice" means that "no rights or privileges of the party concerned are to be considered as

thereby waived or lost except in so far as may be expressly conceded or decided." *Black's Law Dictionary* 1437 (5th ed.1979). "The words 'without prejudice,' as used in judgment, ordinarily import the contemplation of further proceedings, and, when they appear in an order or decree, it shows that the judicial act is not intended to be res judicata of the merits of the controversy." *Id.* Given its limited findings of fact, the bankruptcy court was constrained to deny Madison's motion without prejudice. That course was reversed by the entry of an order that required much more detailed findings of fact than the bankruptcy court made. Thus, entering the order was clear error.

### B.

### 1.

Madison also argues that the bankruptcy court's entry of an order extinguishing its lien on the second parcel exceeded the scope of its authority in a proceeding under 11 U.S.C. § 362(d).[4] The Chiapellis contend that a bankruptcy court is not so limited in deciding whether or not to lift the stay. Madison relies on *Thompson v. First Nat'l Bank,* 111 B.R. 582 (Bankr.E.D.Tex.1989), for the proposition that a debtor may not raise a counterclaim in opposition to a motion for relief from the automatic stay. However, Madison fails to acknowledge that there appears to be an exception to that proposition "in those limited instances where the defense contests the validity of the creditor's lien." *Id.* at 584. Indeed, the Chiapellis rely on *In re Tally Well Serv., Inc.,* 45 B.R. 149 (Bankr.E.D.Mich. 1984), for the proposition that, in the context of a motion for relief from the stay, a bankruptcy court may consider those defenses that directly contest the validity of a creditor's lien. While the court in *Tally Well* carefully noted that counterclaims

---

**4.** The Court notes that it has long been accepted that some matters associated with a bankruptcy are best resolved by a court other than the bankruptcy court.

A court of bankruptcy has an exclusive and nondelegable control over the administration of an estate in its possession. But the proper exercise of that control may, where the inter-

ests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to state courts of particular controversies involving unsettled questions of state property law and arising in the course of bankruptcy administration.

*Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 483, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940).

and defenses were entitled only to "mere *consideration*" and not "*adjudication,*" *id.* at 151 (emphasis in original), it clearly treated challenges to the validity of a lien as a separate category of counterclaims and defenses. *Id.* at 152.

■ The Court is satisfied that a bankruptcy court may consider defenses and counterclaims in the context of a motion for relief from the stay, as long as such consideration shall not be considered an adjudication on the merits. However, this limitation does not apply to a debtor's defense that contests the validity of the creditor's lien. A hearing on a motion for relief from the automatic stay, conducted pursuant to 11 U.S.C. § 362(d), is intended to be a summary hearing. Counterclaims are not to be handled in such summary fashion but may, instead, become the subject of more complete proceedings by the trustee. A determination on the merits is precluded at such a summary hearing. *In re Shehu,* 128 B.R. 26, 21 Bankr.Ct.Dec. (CRR) 1355, 1356 (Bankr.D.Conn.1991); *In re Executive Leasing Corp.,* Collier Bankr.Cas.2d (MB) 248, 250 (Bankr.D.P.R.1980). Nevertheless, a determination on the merits of a direct defense challenging the validity of a lien is not precluded. *See In re Shehu,* 128 B.R. 26, 21 Bankr.Ct.Dec. (CRR) 1355, 1356 (Bankr.D.Conn.1991).

■ Here, the problem lies in the fact that the bankruptcy court did not explain the reasons for its actions. There is no indication in the transcript of the January 10, 1991 hearing that the bankruptcy court ruled on the Chiapellis' defense, even though it was raised. At the February 21, 1991 hearing, the bankruptcy court entered the order despite the fact that it had not ruled on the Chiapellis' defense at the previous hearing. As a result, the Court is faced with the appeal of an order that has no support in the record before it. In analogous circumstances, the Court of Appeals for the Third Circuit exercised its inherent supervisory power to require district courts granting summary judgment to provide "explanation sufficient to permit the parties and this court to understand the legal premise for the court's order." *Vadi-*

*no v. A. Valey Eng'rs,* 903 F.2d 253, 257–59 (3rd Cir.1990). This case is remanded for sufficient explanation of the form of the order entered.

### 2.

■ Madison's appeal also raises other matters that remain unresolved by the bankruptcy court. Madison argues that the bankruptcy court should never have conducted the January 10, 1991 hearing on its motion to lift the stay because the stay terminated on January 2, 1991 when the discharge was entered. *See* 11 U.S.C. § 362(c)(2)(C). In response, the Chiapellis say that discharge does not close the case and that a debtor may still seek appropriate relief from the bankruptcy court. *In re Steiner,* 55 B.R. 1 (Bankr.E.D.Cal.1983). The Court does not disagree with the Chiapellis' position, that a bankruptcy estate may remain open for years, 11 U.S.C. § 350; BR 5010, but finds it irrelevant. It is well established that a stay terminates upon the entry of the discharge in a Chapter 7 proceeding. *See, e.g., In re Kretzer,* 48 B.R. 585, 588 (Bankr.D.Nev.1985). Therefore, regardless of the respective rights of Madison and the Chiapellis upon termination of the stay, it is clear that the motion to lift the stay became moot upon the entry of the discharge.

For the foregoing reasons, the case is REMANDED to the bankruptcy court for clarification and explanation of its order and the form thereof.

SO ORDERED.