**In re DOCKTOR PET CENTER, INC., et al., Debtors.**

**Bankruptcy Nos. 91–18029 to 91–18031–WCH.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 27, 1992.

Albert A. Notini, Hale & Dorr, Boston, Mass., for Debtor.

Whitton E. Norris III, Mintz, Levin, Cohn, Ferris, Golvsky and Popeo, P.C., Boston, Mass., for Kabi Pharmacia AB.

### DECISION OF MOTION TO ASSUME AND ASSIGN CONTRACT AND RELATED MATTERS

WILLIAM C. HILLMAN, Bankruptcy Judge.

Prior to the filing of the original petitions in this matter, one of the debtors, American Equine Products, Inc. ("AEP"), entered into a contract with Kabi Pharmacia AB ("Kabi"), which granted AEP distribution rights in Hylartin V, a specialized animal care product. The contract provided that Kabi would supply AEP on a requirements basis.

The contract originally came before the Court on November 20, 1991, on a motion by AEP to compel performance by Kabi. Kabi contended that the contract had expired. The Court found that the contract

remained in force until December 1, 1992. It also found that if AEP ordered, in accordance with the terms of the contract as construed by the Court, Kabi was contractually obligated to perform. Kabi indicated that it could not perform and it would establish a force majeure defense at an appropriate time.

All of the debtors joined in a sale of virtually all of their assets pursuant to an order of this Court dated December 10, 1991. Included in the sale was the assignment of such executory contracts as the purchaser wished to assume. It would appear that the purchaser wishes to assume the contract with Kabi, and AEP filed the instant motion to assume and assign ("the Assumption Motion"). Additional related pleadings followed. Thereafter Kabi filed a motion to dismiss the motion to assume and assign ("the Dismissal Motion"). Both parties filed several pleadings regarding discovery.

■ Generally, a debtor may assume an executory contract subject only to the court's approval. 11 U.S.C. § 365(a). It has an additional hurdle, however, if there has been a default in its performance under the contract. In that event, the debtor may not assume the contract unless it

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor ... for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract ...

11 U.S.C. § 365(b)(1).

■ In the Assumption Motion, AEP stated that there was no default because any amounts it owed Kabi for pre-petition shipments were offset by claims AEP had against Kabi. In the Dismissal Motion, Kabi contends that the default arose when AEP failed to pay for the products it received pre-petition. AEP responded that

Kabi failed to show any default, especially since Kabi failed to file a proof of claim. AEP suggests that the Court order Kabi to file a proof of claim.

AEP does not dispute that it received goods pre-petition for which is has not paid. The Court finds that the failure to make payments when due constitutes a default under the contract. The issue of whether Kabi filed a proof of claim is irrelevant.

Having found that there was a *prima facie* default, the Court must next decide whether AEP can meet the requirements of 11 U.S.C. § 365(b) by seeking the Court's determination that Kabi also committed a pre-petition breach. AEP asserts that a "determination by this Court of the merits of these [breach of contract] claims is adequate assurance of cure."

■ The issue then becomes whether a debtor's expectation of success on a setoff claim is adequate assurance of a prompt cure, an inquiry which seems to have escaped litigation for the most part. The one relevant case cited by the parties, *In re Diamond Head Emporium, Inc.*, 69 B.R. 487 (Bankr.D.Hawaii 1987), contains a summary handling of the problem:

> Although under normal circumstances, the Debtor would be required to pay all arrearage directly to the lessor, because of the claims of set-off against the lessor, the court will order the amounts necessary to cure the defaults to be placed in a special interest-bearing account. No disbursements from the account shall be made without prior court approval.

*Id.* at 495.

The essence of the quoted holding is that while setoffs may be asserted, an amount must be set aside to protect the other party until the merits of the setoff are determined.

The problem is parallel to the issue of setoff in the context of motions for relief from stay under 11 U.S.C. § 362. The courts are divided as to the extent to which defenses and counterclaims may be raised. *Compare In re Vitreous Steel Products Co.*, 911 F.2d 1223 (7th Cir.1990) *with In re*

*Shehu*, 128 B.R. 26 (Bankr.D.Conn.1991), and cases cited in both of these decisions.

■ The Court holds that a motion to assume an executory contract is generally, and should be, a summary proceeding. It is not the place for an extended breach of contract suit. The approach taken by Judge Chinen in *Diamond Head* commends itself to the Court as an intelligent response to the problem.

There has been no determination of the exact amount due for goods sold and delivered. The Court is satisfied that AEP listed the claim of Kabi as unliquidated and in dispute solely as a result of AEP's asserted counterclaims, and that the figure given in its schedules is probably correct on a book account basis. If necessary, the court will hold an evidentiary hearing to determine that amount. Unless a motion for such a hearing to determine the amount due is received from either party within ten days from the date of this decision, the amount of the claim as contained in AEP's schedules will be accepted as correct.

Once the amount has been determined, the parties should agree on a form of escrow to hold a fund in that amount, in line with the quoted language from *Diamond Head*. The Court orders that the escrow account be established and funded within twenty days the later of the receipt of this order or the determination of the amount due if a hearing is requested ("the Escrow Date").

■ AEP should thereafter file an adversary proceeding to determine the validity and extent of its breach of contract claim. If it fails to do so within sixty days of the Escrow Date, upon a motion of Kabi, the Court will order that the contents of the fund be paid to it.

Debtor has indicated to the Court that it would have difficulty satisfying this monetary requirement. If it is unable to do so, of course, the Dismissal Motion will be granted as AEP will not have satisfied the requirements of § 365(b).

■ Considering the short remaining life of the contract, the Court finds that adequate assurance of future performance, as

required by 11 U.S.C. § 365(b)(1)(C), will be provided by shipment to AEP's assignee only on C.O.D. terms.

In reviewing the pending discovery motions, the Court is convinced that the issues raised and the information sought more properly belong in the subsequent adversary proceeding between the parties. Under those circumstances, the discovery motions are denied without prejudice. The Court will also remove the motion to assume and assign from the trial list for October 26.