In re The **BEVERLY CORPORATION,** Debtor.

**SALEM FIVE CENTS SAVINGS BANK, Plaintiff,**

v.

**Paul J. GRELLA, Trustee, Defendant.**

Bankruptcy No. 92–19147–WCH. Adv. No. 93–1114.

United States Bankruptcy Court, D. Massachusetts.

Jan. 5, 1994.

Paul J. Grella, Grella & Murphy, Boston, MA, Trustee.

Kevin J. Simard, Riemer & Braunstein, Boston, MA, for Salem Five Cents Sav. Bank.

### DECISION ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

WILLIAM C. HILLMAN, Bankruptcy Judge.

Salem Five Cents Savings Bank ("Salem") brought this complaint seeking a determination of its secured status and for turnover and an accounting as to 17 notes and mortgages which were the subject of a prior motion for relief. Paul J. Grella ("Trustee") has agreed that 16 of the 17 notes and mortgages described in the complaint are subject to valid and perfected security interests in favor of Salem and has agreed to account to Salem for any collections that he has received on those notes. Remaining in dispute is the so-called "Wellesley Note", dated April 25, 1990, which the Trustee concedes was intended to be collateral for the $1,000,000 loan made by Salem to the debtor in 1988.

The Trustee answered the complaint and "counterclaimed", seemingly on the basis that Salem's perfection was within the preference period. I will regard the pleading as an affirmative defense.

Salem responded to the counterclaim, alleging as *its* affirmative defenses, inter alia, that the Trustee is estopped to assert the issue of preference/perfection because "he failed to pursue his objection" to the motion for relief which was granted, and that the Trustee waived his right to challenge perfection "by his failure to file a meritorious objection or otherwise oppose" the motion for relief. Salem does not use the magic words "res judicata" or "claim preclusion" but that is consistent with the haphazard pleadings from both sides.

The Trustee moved for summary judgment as to the estoppel and waiver issues only. After hearing, I took the matter under advisement.

### The motion for relief

Salem's motion for relief under 11 U.S.C. § 362(d) was filed on December 18, 1992. The motion alleged that "Salem Five has a perfected security interest in the Assigned Notes and Mortgages because it is in sole and exclusive possession of the original Assigned Notes."

The Trustee's response did not go to the merits of the motion but merely stated that he had not had time to go through the "five large boxes" of files of the debtor and requested more time.

At the preliminary hearing on the motion, held January 14, 1993, which the Trustee failed to attend, I granted the motion, suggesting only that Salem account to the Trustee for amounts collected. The order which was entered, proposed by counsel for Salem, provides in its entirety that:

> "The Automatic Stay is hereby terminated as to Salem Five Cents Savings Bank, thereby allowing it to exercise any and all of its contractual and state law rights and remedies against the Debtor, including but not limited to its rights to either liquidate or administer all promissory notes and mortgages which have been assigned to

Salem Five Cents Savings Bank by the Debtor."

### Discussion

A motion for relief from stay commences a contested matter to be governed by Fed. R.Bankr.P. 9014. Fed.R.Bankr.P. 4001(a)(1). Rule 9014 makes applicable to contested matters Fed.R.Bankr.P. 7054 which, in turn, incorporates Fed.R.Civ.P. 54(a).

The last cited rule defines "Judgment" as including "any order from which an appeal lies." It is settled that a motion granting relief from stay is an order from which an appeal will lie. *Tringali v. Hathaway Machinery Co.*, 796 F.2d 553, 557 (1st Cir.1986); *In re Saco Local Development Corp.*, 711 F.2d 441, 445 (1st Cir.1983).

The informality of the Trustee's response to the motion—actually a motion for an extension of time denominated as, and treated by me as, a response—did not put the issue of perfection directly in issue. Further, the order entered did not contain a finding on the point, nor was such a finding requested.

However, as the First Circuit pointed out in *Dennis v. R.I. Hospital Trust National Bank*, 744 F.2d 893, 898 (1st Cir.1984), "'Claim preclusion' bars the relitigation of any issue that was, or *might have been*, raised in respect to the subject matter of the prior litigation." (emphasis in original).

The question of the validity and perfection of a security interest which is the subject of a request for relief from stay goes to the heart of the issues before the court. If the security interest were invalid or unperfected, there would be no cause for relief from stay and the request would be denied. This is not one of those defenses or counterclaims which I have indicated (by way of dicta) should not be part of a summary motion for relief proceeding. *See In re Docktor Pet Center, Inc.*, 144 B.R. 14, 16 (Bankr.D.Mass.1992). It is more like those described in *Dennis:*

> "An issue may be 'actually' decided even if it is not *explicitly* decided, for it may have

constituted, logically or practically, a necessary component of the decision reached." 744 F.2d at 899 (emphasis in original).

The Trustee could have raised the perfection issue at the hearing on the motion for relief. If he felt that I was wrong in denying him additional time to respond, an appeal from my order was appropriate. Having had the potential for one bite at the apple, he cannot relitigate the issue at this time.

Fed.R.Civ.P. 56 permits entry of summary judgment in favor of the nonmoving party even though it has made no formal cross motion under the rule. *National Expositions, Inc. v. Crowley Marine Corp.*, 824 F.2d 131, 133 (1st Cir.1987). Having found that claim preclusion bars the Trustee's arguments that Salem's interest in the Wellesley Note is unperfected, and the Trustee having conceded in his papers that perfection is the only issue, I will grant summary judgment to Salem as to the entire adversary proceeding.

An appropriate order will enter.